UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


YUSNIEL ROSALES CARMENATE,

     Petitioner,

v.

KEVIN RAYCRAFT, et al.,

     Respondents.

_____/

Case No. 1:26-cv-1790

Hon. Hala Y. Jarbou

## ORDER

Petitioner, a Cuban national, is detained at the North Lake Processing Center in Baldwin, Michigan.  He initiated this action by filing a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Pet., ECF No. 1.)  This is Petitioner's second habeas petition before this Court: the first was filed on February 13, 2026, and conditionally granted on March 9, 2026.  *See Rosales-Carmenate v. Raycraft*, No. 1:26-cv-503 (W.D. Mich. Mar. 9, 2026).  In that case, the Court found that Petitioner had been unlawfully detained without a bond hearing.  The Court ordered Respondents to provide a hearing or release Petitioner.  In accordance with the Court's order, Respondents held a bond hearing on March 12, 2026, at which Petitioner was denied bond due to Petitioner's arrests for assault in 2023 and 2025.  (IJ Order, ECF No. 1-4.)

Petitioner now argues that his bond hearing violated his right to due process because Respondents improperly placed the burden of proof on him at the bond hearing.  He has appealed the bond hearing decision, and his appeal remains pending before the Board of Immigration Appeals.  Before the Court is Petitioner's motion for a temporary restraining order (ECF No. 2), filed on June 6, 2026, in which he claims that the Government intended to remove him to Mexico on June 7, 2026.  Petitioner seeks an order from this Court "enjoining the Respondents from

facilitating his removal out of the United States and out of the state of Michigan." (Mem. in Supp. of TRO, ECF No. 2-1, PageID.160.)  However, the issue of removal is distinct from the issue raised in Petitioner's habeas petition: namely, whether the bond hearing process was unlawful. "[A] party moving for [injunctive relief] must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Annabel v. Frost*, No. 17-2263, 2018 WL 5295887, at *2 (6th Cir. Aug. 10, 2018) (first alteration in original) (quoting *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010)).  Petitioner has not established such a relationship here.  The asserted unlawfulness of his bond hearing (and the detention following that hearing) does not undermine the lawfulness of his removal.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for a temporary restraining order (ECF No. 2) is **DENIED**.

Dated: June 8, 2026                              /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 CHIEF UNITED STATES DISTRICT JUDGE

2